UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| IRA DARLINA BAKER, individually, and<br>as the administratrix of the ESTATE OF<br>DARION DEV'ON BAKER, and MARIO<br>BAKER, individually, and on behalf of all<br>wrongful death beneficiaries of Darion<br>Dev'on Baker | § § § § § § § | |
| | § | Civil Action No. |
| Plaintiffs | § § | 2:19-cv-77 |
| v. | § § | |
| RICHARD KEITH COBURN, and<br>MICHAEL JOSEPH McHUGH, in their<br>individual capacities | § § § § | |
| Defendants | § § | |

## PLAINTIFFS' COMPLAINT

Plaintiffs Ira Darlina Baker and Mario Baker bring this 42 U.S.C. § 1983 excessive force lawsuit against Defendants Richard Keith Coburn and Michael Joseph McHugh, police officers of the City of Stratford, Texas, who shot and killed their beloved son, Darion Dev'on Baker.

### I.   Parties

#### A.   Plaintiffs

1. Ira Darlina Baker is the natural mother of the deceased, Darion Dev'on Baker.

2. Mrs. Baker was appointed the administratrix of the Estate of Darion Dev'on Baker by the probate court of Shelby County, Tennessee. Darion Dev'on Baker died intestate.

3. Mario Baker is the natural father of the deceased, Darion Dev'on Baker.

4. The Plaintiffs bring this claim on their own behalves, as beneficiaries under the Texas Wrongful Death statute, on behalf of the Estate of Darion Dev'on Baker, and on behalf of any other wrongful death beneficiaries.

*B. Defendants*

5.   Richard Keith Coburn ("Coburn") was, at all relevant times, a police officer for the City of Stratford, and, as such, acting under color of law. Upon information and belief, Coburn is an adult resident citizen of City of Stratford, Sherman County, Texas,  He is sued in his individual capacity, and may be served at 212 Poplar St., Stratford, Texas 79084.

6.   Michael Joseph McHugh ("McHugh") was, at all relevant times, a police officer for the City of Stratford, and, as such, acting under color of law. Upon information and belief, McHugh is an adult resident citizen of City of Stratford, Sherman County, Texas,  He is sued in his individual capacity, and may be served at 212 Poplar St., Stratford, Texas 79084.

## II.   Jurisdiction and Venue

7.   As this case is brought pursuant to 42 U.S.C. §§ 1983 & 1988, this Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1343(a)(3).

8.   This Court has general personal jurisdiction over the Defendants as Coburn and McHugh reside and/or are employed by the City of Stratford within the Amarillo Division.

9.   Venue is proper in the Amarillo Division as the relevant events occurred within Sherman County, Texas, which is located within the Amarillo Division.

## III.   Factual Background

10. On February 21, 2018, Plaintiffs' son, 23-year-old African-American Darion Baker, was driving across Texas with his friend. Darion Baker and his African-American friend were returning home to Memphis, Tennessee, where Darion Baker lived with the Plaintiffs.

11. Also on February 21, 2018, upon information and belief Defendants Coburn and McHugh, along with their alleged K-9 partner "Hunter," were on-duty with the City of Stratford and operating as a two-man unit.  Coburn and McHugh were patrolling Interstate 54 on the

western outskirts of Stratord, Texas, west of Highway 287, and checking eastbound traffic on Highway 54 when they first observed Darion Baker traveling eastbound on Interstate 54, and they followed him for several miles without incident.

12. Upon arriving in the City of Stratford, Texas and without knowledge that they were being followed by Coborn and McHugh, the two young men stopped for gas at a Pilot Travel Center in the small town of Stratford, Texas, specifically located at 100 South Poplar, Stratford, Texas 79084. They parked the car at a gas pump and entered the convenience store to ask for directions and pre-pay for fuel.

13. A few moments later, Defendants Coburn and McHugh pulled their police SUV into the gas station parking lot.

14. While Darion Baker and his friend entered the convenience store, Defendants Coburn and McHugh parked their police SUV in a parking space near the entrance to the convenience store and in close proximity to the car. Coburn went into the convenience store to observe Darion Baker and his friend, while McHugh remained in the police SUV.

15. Coburn was inside the Pilot Travel Center's convenience store with Darion Baker and his friend for several minutes. When Darion Baker and his friend completed their business in the convenience store, Coburn held the entrance/exit door open for the boys and allowed them to exit the store.

16. After the boys left the convenience store and returned to the car to pump the gas, Coburn returned to the patrol SUV in which McHugh remained stationed.

17. Darion Baker returned to the driver's seat of the car, while his friend began to pump gas.

18. At this point, Coburn and McHugh swung their police SUV out of its parking spot to directly behind the parked car and activated their lights and sirens. Both officers jumped out of the SUV, with their guns drawn, and ran towards the car.

19. Panicked, as police officers ran towards them with guns drawn, Darion Baker started the car and his friend got into the passenger seat.

20. Darion Baker began to drive away, carefully navigating around the officers.

21. As the car pulled away, despite the car posing absolutely no danger to the officers or anyone else, both officers began shooting at the car. The officers fired numerous shots at the car as it was driving away.

22. As the officers fired their weapons, Darion Baker was no danger to them or any other persons. When the officers were shooting as the car drove away, the officers were not facing a threat of immediate and severe physical harm.

23. Coburn began running behind the car, continuing to fire his gun at Darion Baker as he chased the slow-moving car.

24. In total, McHugh fired five shots, and Coburn fired fifteen shots.

25. Darion Baker was shot twice in the back.

26. Darion Baker was hit in the back as the car drove away and after any fathomable danger to the officers or the public had been eliminated.

27. The car slowed to a slow roll and, ultimately came to rest, near a gas pump across the street from the Pilot Travel Center at the Toot'n Totum convenience store located at 119 Texas St., Stratford, Texas 79084. Neither officer was injured.

28. Neither Darion Baker, nor his friend, had a firearm in their possession.

29. Neither Darion Baker, nor his friend, posed any danger to the officers (or anyone else) as the car drove away.

28. Darion Baker's injuries were fatal, and he died at the scene, after suffering intense pain.

### IV.    Cause of Action: 42 U.S.C. § 1983 – Fourth Amendment Excessive Force

30. Defendants Coburn and McHugh, while acting under color of law, shot Darion Baker when he posed no threat of serious bodily injury or death to anyone. In fact, when the fatal gunshots were fired, both Coburn and McHugh were standing well behind Darion Baker's fleeing car as their bullets struck him in the back.

31. Defendants Coburn and McHugh's use of force was clearly excessive to the need, objectively unreasonable in light of clearly established law, and directly caused Darion Baker's untimely death. Therefore, Defendants Coburn and McHugh's actions violated Darion Baker's clearly established Fourth and Fourteenth Amendment rights to be free from excessive force and unreasonable seizure.

32. As a direct and proximate result of Defendants Coburn and McHugh's actions, Darion Baker suffered greatly before dying. Moreover, Plaintiffs lost their twenty-three-year-old son, and the horrific anguish they feel will remain with them and their family for the rest of their lives.

### V.    Damages

33. Defendants deprived Darion Baker of his civil rights under the United States Constitution and federal law. These acts and omissions by Defendants proximately caused and/or were the moving force of the injuries and damages to the Plaintiffs and proximately caused and/or were the moving force of the wrongful death of Darion Baker. Accordingly, Plaintiffs in their individual capacities, Mrs. Baker in her capacity as the administratrix of the Estate of Darion

Dev'on Baker, and on behalf of all wrongful death beneficiaries of Darion Baker, assert claims under 42 U.S.C. § 1983 and the relevant wrongful death and survivorship statutes.

34. Plaintiff Ira Darlina Baker, in her capacity as the administratrix of the Estate of Darion Dev'on Baker, alleges the Estate has incurred damages including, but not limited to, the following:

>   a.   Darion Baker's conscious mental anguish, physical pain, and loss of enjoyment of life before his death;
>
>   b.   Darion Baker's funeral and burial expenses.

35. Plaintiffs, in their capacities as wrongful death beneficiaries, assert claims on their own behalves and for any other wrongful death beneficiaries. Plaintiffs and any other wrongful death beneficiaries have incurred damages including, but not limited to, the following:

>   a.   Past and future mental anguish;
>
>   b.   Past and future loss of companionship and society;
>
>   c.   Past and future medical expenses; and,
>
>   d.   Past and future pecuniary loss, including loss of care, maintenance, support, services, advice, counsel, and reasonable contributions of a pecuniary value.

36. Plaintiffs, for themselves and any other wrongful death beneficiaries, and the Estate, are also entitled to recover attorneys' fees and expenses (including expert expenses) pursuant to 42 U.S.C. § 1988, and as otherwise allowed by law.

## VI.    Jury Demand

37. Plaintiffs respectfully demand a jury trial on all factual issues in dispute.

## VII.    Prayer for Relief

38. Plaintiffs hereby asks that Defendants be cited to appear and answer and that the Court:

a. Award Plaintiffs, for themselves, on behalf of the Estate, and on behalf of any other wrongful death beneficiaries, compensatory damages against Defendants in the largest amount allowed by law;

b. Find that Plaintiffs are the prevailing parties in this case and award them attorneys' fees, court costs, and litigation expenses (including expert expenses);

c. Award Plaintiffs pre-judgment interest and post-judgment interest at the highest rate allowable under the law; and,

d. Grant all other relief in equity or in law, to which Plaintiffs may be entitled.

Date: April 15, 2019.

Respectfully submitted,


EDWARDS LAW
The Haehnel Building
1101 East 11th Street
Austin, TX 78702
      Tel.    512-623-7727
      Fax.   512-623-7729


By     /s/ Jeff Edwards
JEFF EDWARDS
State Bar No. 24014406
Attorney-in-Charge
Scott Medlock
State Bar No. 24044783
David James
State Bar No. 24092572
Federal ID No. 2496580
Michael Singley
Texas Bar No. 00794642

EVANS PETREE PC
1715 Aaron Brenner Drive, Suite 800
Memphis, Tennessee 38120
T: 901-525-6781
F: 901-297-4208

E: byoakum@evanspetree.com

By: /s/ Brian L. Yoakum
BRIAN L. YOAKUM
TN Bar No. 024811
*Pro Hac Vice Application to be submitted*


**ATTORNEYS FOR PLAINTIFFS**