## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## AMARILLO DIVISION

| | | |
|---|---|---|
| IRA DARLINA BAKER, Individually as Next Friend of DARION DEV'ON BAKER, *et al.*, | § § § § | |
| Plaintiffs, | § § | |
| v. | § § | Civil Action No. 2:19-cv-00077-Z-BP |
| RICHARD KEITH COBORN, *et al.*, | § § § | |
| Defendants. | § § | |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

Before the Court are Defendants' Motion to Exclude Certain Testimony of Plaintiffs' Expert Jeffrey J. Noble ("Noble") and Brief in Support filed on August 28, 2020 (ECF Nos 44 and 45); and Plaintiffs' Response, Brief in Support, and Appendix, filed on September 28, 2020. ECF Nos 54 and 55. Having considered the motion, related briefing, evidence, and applicable legal authorities, the undersigned **RECOMMENDS** that United States District Judge Matthew J. Kacsmaryk **DENY** Defendants' motion.

## I.    BACKGROUND

Ira Darlina Baker, individually and as administratrix of the Estate of Darion Dev'on Baker (Darion Baker will be referred to as "Baker"); Mario Baker; and Arlandra Williford, as next friend of Baker's minor child, C.W., (collectively "Plaintiffs") allege excessive force claims under 42 U.S.C. § 1983 against Officer Richard Keith Coborn ("Coborn"), Officer Michael Joseph McHugh ("McHugh"), and the City of Stratford, Texas ("the City"). This case arises from the use of deadly force by the officers on February 21, 2018, when Baker died after being shot twice in the back. Plaintiffs allege causes of action based on unconstitutional use of deadly force and the failure to

adequately train the officers. Defendants now move to exclude all or part of the testimony of Plaintiffs' designated expert witness, Noble.

## II.     LEGAL STANDARD

Federal Rule of Evidence 702 governs the admissibility of expert testimony in federal court. The rule provides:

> If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.

Fed. R. Evid. 702. This rule requires the court to "ensure that any and all scientific testimony or evidence admitted is not only relevant, but reliable." *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 589 (1993).

"Before a district court may allow a witness to testify as an expert, it must be assured that the proffered witness is qualified to testify by virtue of his 'knowledge, skill, experience, training, or education.'" *United States v. Cooks*, 589 F.3d 173, 179 (5th Cir. 2009) (quoting Fed. R. Evid. 702). "A district court should refuse to allow an expert witness to testify if it finds that the witness is not qualified to testify in a particular field or on a given subject." *Id.*

To determine the scientific validity or reliability of expert testimony, the court considers five non-exclusive factors developed by the court in *Daubert*: (1) "whether [the theory or technique] can be (and has been) tested;" (2) "whether the theory or technique has been subjected to peer review and publication;" (3) "the known or potential rate of error;" (4) "the existence and maintenance of standards controlling the [theory or] technique's operation;" and (5) whether the theory or technique has "general acceptance" within the scientific community. *Daubert*, 509 U.S.

at 593-94; *see also Vargas v. Lee*, 317 F.3d 498, 500 (5th Cir. 2003). In evaluating these factors, the court must focus on the reasoning or methodology underlying the expert testimony, not the ultimate conclusion. *See Daubert*, 509 U.S. at 594; *Watkins v. Telsmith, Inc.*, 121 F.3d 984, 989 (5th Cir. 1997). At the most basic level, the *Daubert* factors act "to make certain that an expert, whether basing testimony upon professional studies or personal experience, employs in the courtroom the same level of intellectual rigor that characterizes the practice of an expert in the relevant field." *Skidmore v. Precision Printing & Packaging, Inc.*, 188 F.3d 606, 618 (5th Cir. 1999) (quoting *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 152 (1999)).

The test of reliability is "a flexible one." *Kumho Tire*, 526 U.S. at 138; *Daubert*, 509 U.S. at 594. The Supreme Court has recognized the *Daubert* factors "may or may not be pertinent in assessing reliability, depending on the nature of the issue, the expert's particular expertise, and the subject of his testimony." *Kumho Tire*, 526 U.S. at 150. A trial court has broad latitude to determine whether *Daubert*'s specific factors are, or are not, reasonable measures of an expert's reliability in a particular case. *See id.* at 152. Moreover, "the rejection of expert testimony is the exception rather than the rule." *See* Fed. R. Evid. 702, adv. comm. notes (2000). "[T]he trial court's role as gatekeeper is not intended to serve as a replacement for the adversary system: Vigorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence." *United States v. 14.38 Acres of Land, More or Less Situated in Leflore Cty., State of Miss.*, 80 F.3d 1074, 1078 (5th Cir. 1996) (citations and quotation marks omitted).

## III.    ANALYSIS

Defendants move to exclude Noble's opinions that officers Coborn and McHugh engaged in tactical recklessness, that the officers' use of force was excessive and objectively unreasonable, and the City did not adequately train officers Coborn and McHugh. ECF No. 45 at 3. Defendants

3

assert that Noble's determination that Coborn and McHugh engaged in reckless tactics leading to the incident is not relevant for an excessive force determination in the Fifth Circuit because this opinion relates to whether the officers created the danger. *Id.* at 5. They argue Noble's opinion that Officer Coborn's belief that he was in danger was objectively unreasonable and is irrelevant because Noble relies too heavily on the subjective beliefs and the actions of the officers, not the objective reasonableness of the act. *Id.* at 6-7. Defendants also argue Noble's opinion that Officer Coborn's shots were unreasonable and inconsistent with generally accepted police practice is unhelpful because his determination is based on the officers' subjective intents and motives, not whether their action was objectively reasonable. *Id.* at 7. Additionally, Defendants claim that Noble's testimony regarding whether the City failed to reasonably train the officers is unreliable because he assumes that a reasonably trained officer would have employed his training during the incident. *Id.* at 8. Plaintiffs respond that Noble's testimony is admissible because it addresses issues within his expertise, consists of information outside the common jurors' experiences, and helps put Defendants' conduct in context. ECF No. 55 at 6-8. Further, Plaintiffs contend that Noble's testimony is not only relevant and reliable, but is necessary to assist the factfinder in determining liability in this case. *Id.* at 11-13.

The undersigned finds that Noble is qualified to testify as to police tactics, actions at the scene, and the policies, practices, and customs of the police department. ECF No. 55 at 7. Noble is a retired deputy police chief with twenty-eight years of experience rising through the ranks of a medium-sized city's police department. *Id.* He holds a Bachelor of Arts in Criminal Justice from California State University in Long Beach and a Juris Doctorate from Western State University, College of Law. ECF No. 29-1 at 2. Since 2005, he has been a consulting and expert witness on many law enforcement issues including the use of force, pursuits, police administration, training,

4

police operations, civil rights violations, and police procedures. *Id.* at 1. His full Curriculum Vitae is provided in Plaintiffs' Rule 26(a)(2) Expert Witness Disclosures. *Id.* at 1-14.

The undersigned also finds that Noble's testimony is relevant and satisfies the reliability requirements of Federal Rule of Evidence 702. Further, Noble's opinions will be helpful to the trier for fact. To prepare his Report, Noble reviewed witness statements, crime scene photographs, police reports, depositions, surveillance and body camera video, interviews of the officers, and the Texas Commission on Law Enforcement status report for each officer. *Id.* at 7.

Defendants argue that Noble's determination that the officers used dangerous tactics is not relevant and helpful to the jury. However, as Plaintiffs point out, Noble's opinion puts Baker's reaction to the officers in context and sheds light on whether a reasonable officer would have acted in the way the officers did. ECF No. 55 at 12. Additionally, the Defendants' argument that Noble's opinions regarding whether the officers' actions were reasonable are not relevant because he does not offer sufficient caselaw is not persuasive. Noble's opinion is appropriately focused on the factual issues of the officers' actions and law enforcement policies and procedures.

Defendants also argue that Noble's opinions do not assist the trier of fact because his opinion regarding whether the officers' actions were reasonable is based on the officers' testimony, subjective motives, and intents. As the Plaintiffs state, this testimony is an acceptable basis for Noble to make his determination. *Id.* at 13. To determine whether an officer's actions were reasonable under an excessive force analysis it is pertinent to consider what the officers knew at the time of they engaged in the conduct. *Hernandez v. Mesa*, ___ U.S. ___, 137 S. Ct. 2003, 2007 (2017).

Finally, the Defendants attack Noble's opinions regarding lack of training because they "are not found in law and are not the bases upon which a jury or judge would determine whether the City should be held liable." ECF No. 45 at 9. As stated by the Plaintiffs, Noble's experience

and education in proper law enforcement make him a qualified and reliable expert in determining whether the officers received adequate training. Further, Defendants' arguments regarding alleged deficiencies in Noble's report can be explored in cross-examination and in the presentation of contrary evidence. Moreover, the undersigned finds that the jury will be assisted by the testimony of Noble, an expert in law enforcement, who offers an opinion on the police tactics, objective reasonableness, and police training regarding the incident at issue.

## IV.    CONCLUSION

Based on the foregoing, the undersigned **RECOMMENDS** that Judge Kacsmaryk **DENY** Defendants' Motion to Exclude Certain Testimony of Plaintiff's Expert Jeffery J. Noble. ECF No. 44.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1)(B) and Fed. R. Civ. P. 72(b)(1). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).

**SIGNED** on December 21, 2020.

_____
Hal R. Ray, Jr.
UNITED STATES MAGISTRATE JUDGE